## CUSICK *v.* KINNEY.

AUTOMOBILES—HIGHWAYS—NEGLIGENCE.

> Plaintiff was leading his horse along the highway when defendant approached in his automobile. The horse became frightened while the car was some distance away, and, as defendant came nearer, reared, struck plaintiff down and injured him. Plaintiff did not signal for the driver to check the machine. *Held*, that the questions of negligence and contributory negligence were for the jury.[1]

Error to Livingston; Miner, J. Submitted October 28, 1910. (Docket No. 157.) Decided December 22, 1910.

Case by William Cusick against Asa M. Kinney for personal injuries. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*W. E. Robb* and *Louis E. Howlett*, for appellant.

*Shields & Shields*, for appellee.

HOOKER, J. The plaintiff has appealed from a directed verdict.

He was injured by a horse that was frightened by an automobile. Plaintiff was leading a horse by a headstall, when defendant's automobile came over a hill 25 rods distant. The horse was restive. Plaintiff did not signal for the driver to stop, and he came along toward the horse, which finally reared and struck plaintiff down and ran away. The court directed a verdict upon the ground of contributory negligence, holding that the plaintiff should have let go of his horse.

We are of the opinion that this was error. Both the question of defendant's negligence and plaintiff's contribu-

---

[1] As to law governing automobiles, see note to *Christy* v. *Elliott* (Ill.), 1 L. R. A. (N. S.) 215.

tory negligence should have been submitted to the jury. It is quite possible that they might have found contributory negligence, or that the defendant was not negligent; but the testimony was not undisputed and a case for the jury was made.

The judgment is reversed, and a new trial ordered.

BIRD, C. J., and OSTRANDER, MOORE, and STONE, JJ., concurred.